1

2

3

4

5

6

7　　　　　　　　　　UNITED STATES DISTRICT COURT

8　　　　　CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

| 10 | SURGIVISION CONSULTANTS, | CASE NO. CV 10-03024 MMM (FFMx) |
| 11 | INC., an Arizona corporation; and GUY M.  KEZIRIAN, M.D., an individual, | [~~PROPOSED~~] ORDER |
| 12 | Plaintiffs, | **NOTE CHANGES MADE BY COURT** |
| 13 | vs. | |
| 14 | SURGIVISION, INC., a Delaware | |
| 15 | corporation, | |
| 16 | Defendant. | |

17

18        Pursuant to the stipulation of the parties, and good cause therefore, IT IS HEREBY

19   ORDERED as follows:

20   **PROCEDURE AND DEFINITIONS**

21        **1.        Confidential Information**

22        The Parties or a third-party discovery respondent may designate as "Confidential,"

23   by stamping or by designating by other appropriate means, any document, whether in

24   electronic, paper, or other form, produced in accordance with the Federal Rules of Civil

25   Procedure or by agreement, including, without limitation, interrogatory answers,

26   responses to requests for admission, deposition transcripts and exhibits, pleadings,

27   motions, briefs, affidavits, and declarations (collectively, "Documents") containing

28

sensitive proprietary information ("Confidential Information") **that is subject to protection pursuant to FRCP 26. (FFM)**

**2. Access To Confidential Information**

Confidential Information so designated, and information derived therefrom, will not be disclosed to or used by anyone except the following persons, and by these persons solely for purposes of this proceeding and not for any business, competitive or governmental purpose or function:

a. Not more than two designated representatives of each of the corporate Parties, to be identified to the other parties in writing prior to the disclosure of any Confidential Information, who have need for such information for purposes of this proceeding. Once designated, a representative may not be substituted without ten (10) calendar days' advance written notice to the other party to this action. Within the ten-day period, a party receiving such notice may serve a written notice of objection to such substitution. If, within ten (10) calendar days after service of the objection, the objecting party moves the Court for an order denying substitution of the designated representative, disclosure may not be made until the Court rules or the parties agree that such substitution may be made. Failure to timely file such a motion operates as a waiver of the objection. **Any such motion must comply with Local Rule 37. (FFM)**

b. The individual Party Dr. Guy M. Kezirian.

c. Counsel for the Parties and counsel's employees involved in the conduct of this proceeding .

d. Outside document handling providers such as copy centers, imaging or coding services, or interpreters or translators retained by counsel as reasonably necessary to assist such counsel in the conduct of this action.

e. Experts, retained by any of the Parties, who have a need for such information to assist in this proceeding.

f.  During deposition, any deposition witness where necessary to the testimony of such witness, and where it is clear that the witness previously had access to the Confidential Information at issue or the witness is an employee of the party that designated the information as confidential.

g.  The Court, Court personnel, court reporters, and similar personnel.

h.  Any other person with the prior written consent of the designating party.

**3.      Confidential – Attorneys' Eyes Only Information**

The Parties or a third-party discovery respondent also may designate as "Confidential – Attorneys' Eyes Only," by stamping or other appropriate means, any Document containing highly sensitive proprietary, financial, or trade secret information, such as future marketing plans, customer lists, cost and profit information, or other such material, that would cause severe competitive damage if it were to be disclosed to another party ("Confidential – Attorneys' Eyes Only Information").

**4.      Access to Confidential – Attorneys' Eyes Only Information**

Confidential – Attorneys' Eyes Only Information so designated, and information derived therefrom, will be subject to the same protections as provided for Confidential Information set forth in paragraph 2 above, except that such Confidential – Attorneys' Eyes Only Information may not be shown to or used by any person described or named in paragraphs 2(a) and (b) above without prior written consent by the designating party.

**5.      Time For Making Confidential Designations**

Designation of any Document as "Confidential" or "Confidential – Attorneys' Eyes Only" must be made before a copy of the Document is produced by one party to another party unless an alternative agreement is reached by the parties.  In the case of deposition transcript pages, the designating party must state on the record that the testimony is "Confidential" or "Confidential – Attorneys' Eyes Only," or must advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar days after receipt of the transcript of the deposition.  If Confidential Information is inadvertently produced without designation, the provisions of paragraph 15 apply for

1  restoring, to the extent possible, the confidentiality of the inadvertently disclosed

2  information.

3  **6.      Identification of Experts**

4  Counsel desiring to disclose Confidential Information or Confidential – Attorneys'

5  Eyes Only Information to any expert pursuant to paragraph 2(e) of this Order must obtain

6  a signed undertaking for each expert.  The form that is Exhibit A attached hereto will be

7  used as the signed undertaking for each expert.

8  **CONSENT TO BE BOUND**

9  **7.      Notice of Order**

10  Prior to receiving, being shown, or using Confidential Information or Confidential

11  – Attorneys' Eyes Only Information, persons falling in the categories listed in paragraph

12  2, other than paragraph 2(c), 2(d), 2(f) and 2(g), must be shown a copy of this Protective

13  Order, and must agree in writing, or orally on the record during deposition, to be bound by

14  its terms.  In addition, experts must sign the undertaking attached hereto as Exhibit A.

15  Persons falling in the categories listed in paragraph 2(d) must be informed of the existence

16  of this Protective Order, and further informed that the Confidential Information or

17  Confidential – Attorneys' Eyes Only Information being received, shown, or used by said

18  persons is subject to this Protective Order.

19  **CHALLENGE TO DESIGNATIONS**

20  **8.      Notification and Challenge**

21  If any of the Parties challenges the confidentiality designation of any Confidential

22  Information or Confidential – Attorneys' Eyes Only Information, that party challenging

23  the confidentiality designation may seek appropriate relief from the Court upon notice of

24  at least five (5) calendar days to all interested parties.  The party claiming confidentiality

25  will have the burden of proving that the challenged confidentiality designation is

26  appropriate in the circumstances.  All interested parties will make reasonable efforts to

27  resolve such disagreements as to confidentiality before submitting them to the Court.  **Any**

28  **such motion must comply with Local Rule 37.  (FFM)**

### 9.     Effect on Restrictions

If a motion challenging a confidentiality designation is filed, the provisions of this Protective Order will apply to the Confidential Information or Confidential – Attorneys' Eyes Only Information until the motion is decided.

**OTHER PROVISIONS**

### 10.     Filing Under Seal

Before attempting to file any document with the Court that contains any Confidential Information or Confidential – Attorneys' Eyes Only Information or information taken from any such materials, the filing party shall meet and confer regarding the filing of the document with the party that designated the information as Confidential or Confidential – Attorneys' Eyes Only, and then follow the procedures of LR 79-5.1 to seek an order permitting filing under seal.  Prior to disclosure at trial or a hearing of materials or information designated Confidential or Confidential – Attorneys' Eyes Only, the parties may seek further protections against public disclosure from the Court.

### 11.     Return of Documents

Upon completion of the proceeding and if requested by the producing party, the original and all copies of all Documents containing Confidential Information or Confidential – Attorneys' Eyes Only Information must be returned to counsel for the producing party or destroyed.  The non-producing parties must provide to counsel for the producing party a certificate reflecting such disposition.  The Parties and their counsel will not be required to return any Document that was admitted into evidence at trial. Notwithstanding the above, trial counsel may retain a complete set of pleadings, correspondence, deposition transcripts, deposition exhibits, and trial exhibits and documents.

### 12.     Scope of Protective Order

Nothing in this Protective Order restricts any Party from using or disclosing its own Confidential Information or Confidential – Attorneys' Eyes Only Information for any

purpose.  This Protective Order also does not apply to information that was lawfully in the possession of a third party or in the public domain before the date of entry of this Protective Order.

### 13. Retention of Jurisdiction

The Parties and any other person subject to the terms of this Protective Order agree that the Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order.

### 14. Application to the Court

This Protective Order is without prejudice to the right of any interested party to apply to the Court for an order permitting the disclosure of any Confidential Information or Confidential – Attorneys' Eyes Only Information or to apply for an order modifying or limiting this Protective Order in any respect.

### 15. Effect of Inadvertent or Unintentional Disclosure

The inadvertent or unintentional disclosure of information designated under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the producing party's claim to protection under Rule 26(c)(7).  Counsel for the parties shall in any event, to the extent possible, upon learning of an inadvertent error or unintended disclosure, cooperate to restore the confidentiality of the designated information to the extent reasonably possible.  Upon receipt of written notification and identification of such inadvertent or unintended disclosure, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for such marking.

### 16. Subpoena of Materials Containing Information

In the event any person or party having possession, custody, or control or knowledge of any materials designated under this Order receives a subpoena or other process or order directed to such materials, such person or party shall promptly notify, by overnight mail, counsel for the party who produced the confidential information sought by such subpoena or other process or order; shall furnish that counsel with a copy of said

subpoena or other process or order; and shall cooperate reasonably with respect to any procedure sought to be pursued by the producing party whose interests may be affected. The party asserting that the materials contain confidential information shall have the obligation of defending against such subpoena, process, or order, and shall further be obligated to reimburse the person or party receiving the subpoena for their reasonable attorneys' fees and expenses in cooperating with respect to any procedure sought to be pursued by the producing party.  **Notwithstanding anything to the contrary contained herein, t**he person or party receiving the subpoena or other process or order shall be ~~entitled~~ **required** to comply with ~~it~~ **any legal obligations imposed by such subpoena, process or order** except to the extent the party asserting that the materials contain confidential information is successful in obtaining from a court of competent jurisdiction an order modifying or quashing it.  **(FFM)**

### 17.   Exclusion from Deposition

Counsel for the producing party shall have the right to exclude from oral deposition any person, other than the deponent, deponent's counsel, independent translators, and the reporter/videographer, who is not authorized by this Order to receive materials designated as Confidential Information, but such right of exclusion shall be applicable only during periods of examination directed to or comprising such designated information.  The failure of such other persons to comply with a request of exclusion shall constitute substantial justification for counsel to instruct the witness not to answer the question.

IT IS SO ORDERED.

Date November 10, 2010                    By   /S/ FREDERICK F. MUMM
                                                    FREDERICK F. MUMM

                                               United States Magistrate Judge

12147033

[PROPOSED] ORDER
CV 10-03024 MMM (FFMx)